*Guairacaja Yupanqui v. Blanche*

BIA
A213 399 244/245/246/247

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty-six.

PRESENT:
> JON O. NEWMAN,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

DIEGO PATRICIO GUAIRACAJA YUPANQUI, MIRIAM LUZMILA DISHU CHAFLA, K.G.G.D., K.J.G.D.,
> *Petitioners*,

v.                                                                                   24-902

                                                                                     NAC

TODD BLANCHE, Acting United States Attorney General,
> *Respondent*.*

_____

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

_____

**FOR PETITIONERS:**    Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**    Brian Boynton, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director, Office of Immigration Litigation; Linda Y. Cheng, Senior Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Diego Patricio Guairacaja Yupanqui, Miriam Luzmila Dishu Chafla, and their minor children, natives and citizens of Ecuador, seek review of a March 6, 2024 decision of the BIA denying their motion to reconsider the agency's denial of asylum, withholding of removal, and relief under the Convention Against Torture. *In re Diego Patricio Guairacaja Yupanqui, et al.*, Nos. A213 399 244/245/246/247 (B.I.A. Mar. 6, 2024). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Only the BIA's 2024 decision denying Petitioners' motion to reconsider is properly before us. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (noting that

2

"our review is limited to the BIA's decision not to reopen petitioner's removal proceedings" where petitioner "did not timely petition for review of the . . . order of the BIA"); 8 U.S.C. § 1252(b)(1) (requiring petitioners to request review of underlying proceedings within thirty days). But Petitioners' brief does not acknowledge the motion to reconsider or challenge the BIA's denial of it, arguing only that the IJ erred in denying asylum and related relief. Petitioners have therefore abandoned review of the BIA's dispositive finding that the motion to reconsider failed to identify errors of law or fact in the underlying decisions. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

Given the defects in briefing by petitioners' counsel, Michael Borja, a copy of this order will be forwarded to the Grievance Panel. In addition to failing to address the relevant issue, the brief makes an argument that we have rejected in some of counsel's own prior cases – that the nexus requirement for withholding is less stringent than that for asylum. *See, e.g., Acero-Guaman v. Garland*, No. 21-6606, 2024 WL 1734054, at *1 (2d Cir. Apr. 23, 2024); *Guerrero-Andachz v. Bondi*, No. 23-

3

7943, 2025 WL 2810831, at *1 (2d Cir. Sept. 30, 2025). Petitioners' brief also (i) repeats arguments counsel has raised in other briefs that are either irrelevant or insufficiently developed; and (ii) uses language identical to prior briefs to make unsupported factual allegations that misconstrue the record in this case. We are troubled by Mr. Borja's seeming indifference toward both his clients and the judicial process.[1]

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

---

[1] Petitioners may seek to file with the BIA a motion to reopen removal proceedings based on ineffective assistance of counsel before the IJ or the BIA. We express no opinion as to whether Petitioners have potentially successful claims for asylum, withholding of removal, or protection under the CAT if the BIA does reopen the proceedings, nor as to whether this case would warrant equitable tolling of the deadline for filing a motion to reopen. See 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring motion to reopen be filed no later than 90 days after the final administrative decision); *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008) ("[I]neffective assistance of counsel can . . . afford an alien additional time beyond the limitations period for a motion to reopen and relieve a petitioner from the numerical bar."). Judge Sullivan would omit this footnote because, in his view, commenting on the possibility of an ineffective-assistance-of-counsel claim – that is not before this Court – "undermine[s]" our "role as impartial decisionmakers" and "run[s] the risk of being misleading" given the high bar required to prevail on such a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004).